**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estella Rivera Varela, | No. CV-23-00243-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Electric Power Company Incorporated, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Amend Scheduling Order (Doc. 26) and the parties' Stipulation to Extend the Deadline for the Joint Proposed Pretrial Order (Doc. 32). Defendants responded in opposition to Plaintiff's Motion to Amend Scheduling Order (Doc. 27), and Plaintiff replied (Doc. 29). For the following reasons, the Court will partially grant the Motion to Amend Scheduling Order and deny the Stipulation as moot.

**I.     Background**

Plaintiff filed a Complaint on May 30, 2023, alleging that Defendant Tucson Electric Power discriminated against her by targeting her for termination after she became eligible for the company's early retirement program. (Doc. 1.) In a June 24, 2024 Order (Doc. 21), the Court noted that the parties failed to file a Joint Proposed Pretrial Order by the deadline set forth in the Court's Scheduling Order (Doc. 13 at 4) and directed the parties to do so within thirty days.[1] On July 6, 2024, Plaintiff filed a Motion requesting a three-month extension of the deadline to file a Joint Proposed Pretrial Order. (Doc. 22.) In the

---

[1] In the same Order, the Court also noted that Plaintiff filed her first Joint Settlement Status Report past the deadline. (Doc. 21.)

Motion, Plaintiff explained that her former counsel withdrew from this case due to a nonwaivable conflict of interest and that a new attorney had agreed to represent her, but only if the Court extended the Joint Proposed Pretrial Order deadline to allow him time to familiarize himself with the case. (*Id.*) On July 11, 2024, the Court granted Plaintiff's request and extended the parties' deadline to file the Joint Proposed Pretrial Order to October 24, 2024. (Doc. 24.) Plaintiff's new counsel filed a Notice of Appearance on July 16, 2024. (Doc. 25.)

On August 8, 2024, Plaintiff filed the pending Motion to Amend Scheduling Order. (Doc. 26.) In the Motion, Plaintiff requests that the Court reopen the discovery period that closed on March 26, 2024, set a December 6, 2024 deadline to complete all written discovery, and extend the remaining case management deadlines. (Docs. 26, 26-1.) Plaintiff's new counsel states that he has identified several deficiencies in Defendants' production since appearing in this case that warrant extending discovery. (Doc. 26.) These alleged deficiencies include: (1) Defendants' discovery responses indicate that Defendants have withheld relevant documents; (2) Defendants failed to disclose critical witnesses until after discovery closed, limiting the ability to take depositions[2]; (3) Defendants' responses to Plaintiff's production requests contain improper objections and redactions; and (4) some records Defendant produced were incomplete due to technology issues. (*Id.* at 7-12.) Plaintiff asserts that if granted an extension, the parties will continue to address these issues and resolve further disputes "in the normal course using the Court's efficient procedures for resolving discovery disputes." (*Id.* at 2.)

In response, Defendants argue that Plaintiff's Motion should be denied because Plaintiff cannot show good cause to reopen discovery. (Doc. 27 at 12.) Instead, Defendants assert that the Motion is an attempt by Plaintiff to address her prior counsel's consistent lack of diligence in prosecuting this case. (*Id.*) Defendants allege that Plaintiff's prior counsel failed to conduct any meaningful discovery between May 2023 and February 2024,

---

[2] Plaintiff avers that Defendants "produced nothing until after discovery closed." (Doc. 26 at 5.) Defendants counter, and Plaintiff does not dispute, that their production was timely based on Plaintiff's service of the related discovery requests. (Doc. 27 at 6, n. 2.)

- 2 -

1  did not propose a Rule 26(f) Report until reminded by Defendants, served her initial
2  disclosure statement months late despite requests for updates from Defendants, and that
3  Defendants, instead of Plaintiff filed the initial settlement report. (*Id.*) Defendants
4  maintain that complaints about new witnesses are unfounded, as they were already
5  disclosed in earlier documents, and that any issues raised by Plaintiff should have been
6  addressed through proper legal channels earlier in the process. (*Id.* at 16.) Defendants
7  further argue that additional delays would unfairly burden them with unnecessary legal
8  expenses. (*Id.* at 12-14.)

9  In reply, Plaintiff notes that a day after she filed the pending Motion, Defendants
10 served amended answers to their March discovery responses. (Doc. 29 at 3.) Plaintiff
11 avers that this disclosure "is alone good cause to reopen discovery." (*Id.*) Plaintiff further
12 contends that Defendants' Response confirms that additional discovery will yield relevant
13 evidence. (*Id.* at 2-3.)

**II.  Legal Standard**

15 Because discovery has closed, Plaintiff must establish good cause to modify the
16 scheduling order to reopen discovery. *See* Fed. R. Civ. P. 16(b)(4) (a scheduling order
17 "may be modified only for good cause and with the judge's consent"). In deciding whether
18 to amend a scheduling order to re-open discovery, courts consider the following:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

23 *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). "[T]he focus
24 of the inquiry is upon the moving party's reasons for seeking modification" of the
25 scheduling order and whether the moving party was diligent. *Johnson v. Mammoth Recs.,*
26 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

27 . . . .

28 . . . .

### III. Discussion

Here, the relevant factors favor granting a brief extension of the discovery period. Plaintiff's new counsel, who only recently joined this case, worked diligently to review the documents Defendants produced and to confer regarding serious, potential deficiencies. Plaintiff has identified a need for more time to address these potential omissions, review Defendants' amended discovery responses, and conduct any additional discovery made necessary by Defendants' supplementation. Given these circumstances, it is likely that further discovery will lead to relevant evidence. Other factors also support reopening discovery, including the lack of a trial date and Defendants' failure to establish that they would be prejudiced by a brief reopening of the discovery period. The Court acknowledges that Defendants oppose the pending Motion; however, the Court notes that just a few days before Plaintiff filed the Motion, Defendants agreed in an email to Plaintiff's counsel that "additional discovery makes sense and likely will be granted." (Doc. 26-2 at 2.) Defendants have not explained their change in stance. Furthermore, although the diligence of Plaintiff's prior counsel is questionable, it appears all parties operated under an assumption that the discovery deadline in this case would be modified. (*See* Doc. 26-2 at 4 (in which Plaintiff's new counsel explains to Defendants' counsel that "[t]he parties have both been operating under the implied (and at times express) agreement that the scheduling order would be amended to extend the time for discovery. No discovery was conducted at all until after discovery closed on March 26…It would be unfair to [Plaintiff] for Defendants to reverse this implied understanding and hold to the original deadlines."); *see also* Doc. 22-1 at 11; Doc. 26 at 1; Doc. 26-2 at 2.)

Given the diligence of Plaintiff's current counsel, the lack of a trial date, the lack of any clear prejudice to Defendants, and Defendants' prior recognition of the merits of reopening discovery, the Court will briefly reopen discovery, as outlined below. The Court notes, however, that it is not inclined to grant further extensions of the remaining case management deadlines.

. . . .

**IT IS ORDERED** that Plaintiff's Motion to Amend Scheduling Order (Doc. 26) is **partially granted and partially** denied, as follows:

1. All discovery, including depositions of parties and witnesses, shall be completed by all parties no later than **December 16, 2024**.
2. Motions for summary judgment shall be filed on or before **January 15, 2025**.
3. A Joint Proposed Pretrial Order shall be filed within **thirty (30) days** after the resolution of any summary judgment motions filed. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **February 14, 2025**.
4. All other provisions of the Court's Scheduling Order (Doc. 13) remain in full force and effect.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Extend the Deadline for the Joint Proposed Pretrial Order (Doc. 32) is **denied as moot**.[3]

Dated this 17th day of October, 2024.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] In light of the new deadline to file a Joint Proposed Pretrial Order, the parties' Stipulation to Extend the Deadline for the Joint Proposed Pretrial Order (Doc. 32) is denied as moot.